UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
NO. 3:16CR42

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| Plaintiff, | ) ) ) | ORDER |
| v. | ) ) | |
| REGINALD DONOVAN RICHARDSON, | ) ) | |
| Defendant. | ) ) | |

Defendant REGINALD DONOVAN RICHARDSON moves the Court to reconsider (Doc. No. 93) its text-only order of March 18, 2016, denying Defendant's Request for a second Detention hearing (Doc. No. 90).

FACTUAL RECORD

On February 25, 2016, federal agents arrested Defendant pursuant to an arrest warrant issued by the Court upon his Indictment for conspiracy to possess with the intent to distribute cocaine base (Count 1) and for four counts of possessing with the intent to distribute cocaine base (Counts 64, 65, 66 & 67).

On the same day, February 25, 2016, the Court (Magistrate Judge David Keesler presiding) held Defendant's initial appearance, advising him of the Indictment and certain fundamental rights. At the initial appearance, the Court scheduled Defendant's arraignment and detention hearing five days later for March 1, 2016.

On March 1, 2016, the Court (Magistrate Judge David Cayer presiding) held Defendant's arraignment and began Defendant's detention hearing. Counsel for the Defendant informed the

1

Court that its witness had not arrived and was consenting to detention, allegedly reserving the right to a detention hearing at a later date. The official recording of the hearing reads:

> Court: Counsel are you ready to precede with the detention hearing?
>
> Defense Counsel: We are your honor. We are gonna -- at this point -- we are waiting for a potential third party custodian to present for your consideration -- they have not shown at this point. Given that I have just told Mr. Richardson I think it is in his best interest at this point to waive but reserve the right if we come back later on and schedule a detention hearing as necessary.
>
> Court: All right, I will enter that order.

The Court then entered a written order of detention with the one finding of "Defendant consents to detention" (Doc No. 51). The Court also entered onto the Court docket that "Defendant waived Detention Hearing" (Minute Entry of March 1, 2016).

On March 15, 2016, fourteen days after the Defendant's detention hearing, Defendant filed a "Request for a Detention Hearing" (Doc. No. 90). Defendant attached an affidavit from Tomika Belk, a third party willing to serve as a custodian of Defendant on pretrial release. The affiant purports to be the fiancé of the Defendant and lives at the Defendant's mother's residence (Doc. No. 90-1).

## LEGAL ANALYSIS

Under Title 18 United States Code section 3142(f), the Court must hold a detention hearing within five days of arrest upon a defendant's motion (and three days upon the government's motion). Only upon a showing of good cause may a defendant continue a detention hearing for a period longer than five days. Id. There is nothing in the statute allowing a defendant to have multiple detention hearings.

In the case at bar, Defendant had a detention hearing on March 1. The Court set the hearing date on February 25. On March 1, the Marshal's Service had Defendant present in the courtroom; the government was prepared to present its case; and the Court and court staff were prepared to proceed. The Defendant's witness did not show up. Defense Counsel consented to detention saying that it was in the Defendant's "best interest at this point to waive but reserve the right if we come back later on and schedule a detention hearing as necessary."

It is unclear from the record whether the Magistrate Judge actually found "good cause" for a continuance. The Magistrate Judge never used the words "good cause" in either the written order or in its oral statement. What is clear is that the Defendant did have a timely detention hearing on March 1 as required under section 3142(f). The fact that Defendant's witness did not appear does not automatically entitle a Defendant to additional detention hearings. There is nothing in the statute authorizing a Defendant to "reserve" the right to a detention hearing in the future when he has already had one.

In the case at bar, however, the Court does not have to reach the issue of whether a Defendant can "reserve" the right to a future detention hearing.

The affidavit submitted by the Defendant is simply <u>insufficient to overcome the Pretrial Report's recommendation to detain the Defendant and this Court's prior text-only order finding that there is no condition or combination of conditions that will reasonably assure the appearance of the defendant and the safety of the community</u>. This is not a close call as to detention: the Defendant is a prior drug felon, is charged with drug conspiracy and four substantive counts of drug trafficking, has a lengthy record, and has failure to appear arrests and a conviction.

THUS Defendant had a timely detention hearing on March 1, within five days of his arrest, as required by section 3142(f);

FURTHERMORE another detention hearing merely adding the testimony of Tomika Belk, when the Court already has her sworn affidavit, is unnecessary.

THEREFORE Defendant's Motion to Reconsider is DENIED (Doc. No. 93).

Signed: March 22, 2016

Frank D. Whitney
Chief United States District Judge